UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MOTHARAM, INC., | * | CIVIL ACTION NO. 07-4499 |
| *Plaintiff* | * | |
| | * | |
| v. | * | SECTION "R" |
| | * | |
| SCOTTSDALE INSURANCE COMPANY, | * | MAGISTRATE (3) |
| *Defendant* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFF'S REQUESTED JURY CHARGES

NOW INTO COURT, through undersigned counsel, comes plaintiff,

MOTHARAM, INC., who submits the following supplemental Jury Charges for the trial

of this matter:

Respectfully submitted:

THE LAW OFFICE OF
DAVID W. BERNBERG, LLC

/s/ Henna Ghafoor
_____
David W. Bernberg (14079)
Henna Ghafoor (28592)
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553 ext. 111
Facsimile: (504) 525-1909
E-mail: dbernberg@yahoo.com
        hghaf@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 15th day of June 2009, the forgoing was electronically filed using the LAED CM/ECF system of the U.S. District Court for the Eastern District of Louisiana, which will e-mail notification of this filing to all counsel of record.

/s/ Henna Ghafoor

DAVID W. BERNBERG, ESQ.
HENNA GHAFOOR, ESQ.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOTHARAM, INC.,<br>*Plaintiff* | * CIVIL ACTION NO. 07-4499<br>*<br>* |
| v. | * SECTION "R"<br>* |
| SCOTTSDALE INSURANCE COMPANY,<br>*Defendant* | * MAGISTRATE (3)<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 11

It has long been recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party.

*Streber v. Comm'r of Internal Revenue*, 138 F.3d 216, 221-22 (5th Cir. 1998); *United States v. Lehmann*, 613 F.2d 130, 135 (5th Cir. 1980); *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970); *United States v. Johnson*, 288 F.2d 40, 45 (5th Cir. 1961).

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MOTHARAM, INC., | * | CIVIL ACTION NO. 07-4499 |
| *Plaintiff* | * | |
| | * | |
| v. | * | SECTION "R" |
| | * | |
| SCOTTSDALE INSURANCE COMPANY, | * | MAGISTRATE (3) |
| *Defendant* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 12

"When a witness is controlled by one party, failure to call the witness, if his

testimony would elucidate facts in issue, creates an inference which the [court] is

permitted to draw against that party."

*United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970); *Graves v. United States*, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893).

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MOTHARAM, INC.,** | * | **CIVIL ACTION NO. 07-4499** |
| *Plaintiff* | * | |
| | * | |
| **v.** | * | **SECTION "R"** |
| | * | |
| **SCOTTSDALE INSURANCE COMPANY,** | * | **MAGISTRATE (3)** |
| *Defendant* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 13

The "adverse inference" rule discourages parties from concealing evidence. The adverse inference drawn under the rule is intended to punish the party who had done so by depriving him of any benefit he might thus have gained.

*Stier, Revisiting the Missing Witness Inference, 44 Md.L.Rev. 137, 142-43 & n. 22,note 4, at 143 (1985).*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOTHARAM, INC., | * CIVIL ACTION NO. 07-4499 |
| *Plaintiff* | * |
| | * |
| v. | * SECTION "R" |
| | * |
| SCOTTSDALE INSURANCE COMPANY, | * MAGISTRATE (3) |
| *Defendant* | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 14

The logic supporting the adverse inference rule is that a party fails to produce evidence in its control in order to conceal adverse facts.

*Bnsf Ry. Co. v. Brotherhood of Maintenance*, 550 F.3d 418 (5th. Cir., 2008)