FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUN 24  PM 4:41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOTHARAM, INC.                                CIVIL ACTION

VERSUS                                        NO. 07-4499

SCOTTSDALE INSURANCE COMPANY                  SECTION "R"(3)


## JURY CHARGES

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. THE ATTORNEYS'S STATEMENTS AND ARGUMENTS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS ONLY.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep____
___ Doc. No.___
```

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

THE BURDEN OF PROOF IN A CIVIL ACTION, SUCH AS THIS ONE, IS PROOF BY A PREPONDERANCE OF THE EVIDENCE AS TO EVERY ESSENTIAL ELEMENT OF A CLAIM OR DEFENSE.  TO ESTABLISH SOMETHING BY "A PREPONDERANCE OF THE EVIDENCE" MEANS SIMPLY TO PROVE THAT SOMETHING IS MORE LIKELY TO BE SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE MEANS THAT WHEN YOU WEIGH THE EVIDENCE ON A FACT AT ISSUE IN THE CASE AND COMPARE IT WITH THE EVIDENCE OPPOSED TO IT, YOU FIND THAT THE EVIDENCE IN FAVOR HAS MORE CONVINCING FORCE, AND YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TO BE TRUE THAN NOT TRUE.  IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.  IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF A CLAIM OR DEFENSE BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE PARTY WHO DOES NOT BEAR THE BURDEN OF PROOF AS TO THAT CLAIM.

AS I HAVE STATED, A CLAIM OR DEFENSE MUST BE PROVEN ONLY BY A PREPONDERANCE OF THE EVIDENCE.  A PARTY BEARING THE BURDEN OF PROOF NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND NEED NOT PROVE ITS

CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL CASE. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN FAVOR OF THE PARTY BEARING THE BURDEN OF PROOF.

AS I INSTRUCTED YOU AT THE BEGINNING OF THE TRIAL, YOU ARE NOT TO READ OR LISTEN TO ANY MEDIA ACCOUNT OF THIS TRIAL, INCLUDING NEWSPAPER, TELEVISION, RADIO, INTERNET OR ANY OTHER COVERAGE. IF THERE WAS PUBLICITY ABOUT THIS TRIAL, YOU MUST IGNORE IT. YOU MUST DECIDE THIS CASE ONLY FROM THE EVIDENCE PRESENTED IN THE TRIAL.

AS I INSTRUCTED YOU, YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE--SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE--THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF

CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, THE BEARING OF THE WITNESS ON THE WITNESS STAND, THE WITNESS'S PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST THE WITNESS MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS THE WITNESS MAY HAVE SHOWN, AND ANY PARTIALITY THAT HE OR SHE MAY HAVE DEMONSTRATED.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER

THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

IF A WITNESS IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' TESTIMONY IN OTHER PARTICULARS. YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU THINK IT DESERVES.

DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR ITS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

WHEN THE COURT ALLOWS TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF THAT EVIDENCE. AS STATED BEFORE, THE JURORS ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, YOU MUST DISREGARD THE QUESTION ENTIRELY,

AND YOU MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

AS I INSTRUCTED YOU AT THE BEGINNING OF THE TRIAL, YOUR NOTES, IF YOU HAVE CHOSEN TO TAKE ANY, SHOULD BE USED ONLY AS MEMORY AIDS. YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE PROCEEDINGS, AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE MEMORY OR IMPRESSION OF EACH JUROR AS TO WHAT THE TESTIMONY WAS. WHETHER YOU HAVE TAKEN NOTES OR NOT, EACH OF YOU MUST FORM YOUR OWN OPINION AS TO THE FACTS OF THE CASE.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT PARTICULAR FIELD - HE OR SHE IS CALLED AN EXPERT WITNESS - IS PERMITTED TO STATE AN OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT. IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM THE EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM

EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND ITS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF ITS INCOME.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. CORPORATIONS AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE. BOTH MOTHARAM INC. AND SCOTTSDALE ARE CORPORATIONS AND ARE ENTITLED TO THE SAME FAIR TRIAL AS ANY INDIVIDUAL.

IN THIS CASE, MOTHARAM, INC. SEEKS DAMAGES AGAINST DEFENDANT SCOTTSDALE INSURANCE COMPANY FOR BREACH OF AN INSURANCE CONTRACT AND BAD FAITH INSURANCE CLAIMS-HANDLING. MOTHARAM'S CLAIMS ARE BASED ON LOUISIANA STATE LAW. YOU MUST CONSIDER EACH OF MOTHARAM INC.'S CLAIMS SEPARATELY IN ACCORDANCE WITH THE LAW ABOUT WHICH I WILL NOW INSTRUCT YOU.

### PLAINTIFF'S BREACH OF CONTRACT CLAIM

MOTHARAM INC.'S FIRST CLAIM IS THAT SCOTTSDALE BREACHED AN INSURANCE CONTRACT WITH IT. MOTHARAM INC. ALLEGES THAT IT WAS NOT PAID THE FULL AMOUNT THAT IT WAS DUE UNDER ITS POLICY AFTER HURRICANE KATRINA DAMAGED ITS PROPERTY. IT CONTENDS THAT ITS PROPERTY SUSTAINED DAMAGE BY WIND AND WIND-DRIVEN RAIN, WHICH ARE COVERED BY ITS POLICY, FOR WHICH IT HAS NOT BEEN PAID.

SCOTTSDALE'S OBLIGATIONS TO MOTHARAM INC. ARE GOVERNED BY THE TERMS OF ITS INSURANCE POLICY, WHICH IS A CONTRACT.  UNDER LOUISIANA LAW, AN INSURANCE POLICY IS A CONTRACT BETWEEN THE TWO PARTIES, THE POLICYHOLDER AND THE INSURANCE COMPANY, AND IT HAS THE EFFECT OF LAW BETWEEN THE PARTIES.  LIKE OTHER CONTRACTS, A CONTRACT OF INSURANCE WILL GENERALLY BE ENFORCED ACCORDING TO ITS TERMS, AND THE RESPECTIVE RIGHTS AND OBLIGATIONS OF THE PARTIES, BOTH OF THE INSURANCE COMPANY AND THE POLICYHOLDER, WILL BE DETERMINED BY THE TERMS AND PROVISIONS OF THE INSURANCE CONTRACT. THE WORDS OF THE POLICY DETERMINE THE EXTENT OF THE INSURANCE COVERAGE.  ANY AMBIGUITY IN THE POLICY SHOULD BE CONSTRUED AGAINST THE INSURER WHO ISSUED COVERAGE AND IN FAVOR OF THE INSURED.  SCOTTSDALE'S FAILURE TO ABIDE BY ITS DUTIES IN THE CONTRACT CONSTITUTE A BREACH OF THE CONTRACT.  LIKEWISE, MOTHARAM INC.'S FAILURE TO ABIDE BY ITS DUTIES IN THE CONTRACT ELIMINATES OR LIMITS THE COVERAGE OWED TO IT.

IN ORDER TO RECOVER FOR A BREACH OF AN INSURANCE CONTRACT, PLAINTIFF MUST PROVE THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE: 1) THAT A VALID ENFORCEABLE CONTRACT EXISTED BETWEEN THE PARTIES; 2) THAT THE CLAIM FOR DAMAGE BEING MADE UNDER THE POLICY IS COVERED BY THE POLICY; 3) THE AMOUNT OF THE CLAIM FOR DAMAGES UNDER THE CONTRACT; AND 4) THAT SCOTTSDALE BREACHED THE POLICY BY FAILING TO PAY A COVERED CLAIM.

IF MOTHARAM INC. HAS FAILED TO ESTABLISH THESE ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND THAT SCOTTSDALE DOES NOT OWE MONEY ON THIS CLAIM.

### SCOTTSDALE'S DEFENSES

SCOTTSDALE HAS DENIED LIABILITY IN THIS CASE. SCOTTSDALE ARGUES THAT IT PROPERLY PAID MOTHARAM INC. BASED ON ITS DETERMINATION THAT MOST OF THE DAMAGE TO PLAINTIFF'S PROPERTY WAS CAUSED BY PRE-EXISTING DAMAGE OR A POST-KATRINA FIRE THAT MOTHARAM HAS ALREADY BEEN PAID FOR.

SCOTTSDALE ALSO CONTENDS THAT SOME OF THE DAMAGE TO MOTHARAM'S PROPERTY IS EXCLUDED UNDER THE POLICY. UNDER LOUISIANA LAW, SCOTTSDALE BEARS THE BURDEN OF PROVING THE APPLICABILITY OF ANY EXCLUSIONARY CLAUSE CONTAINED IN ITS INSURANCE POLICY BY A PREPONDERANCE OF THE EVIDENCE.

SCOTTSDALE ALSO CONTENDS THAT MOTHARAM INC. MADE A MATERIAL MISREPRESENTATION IN CONNECTION WITH ITS CLAIM AND IS THUS BARRED FROM RECOVERING UNDER THE TERMS OF ITS POLICY. A MATERIAL MISREPRESENTATION IN CONNECTION WITH A CLAIM WILL VOID COVERAGE UNDER THE POLICY ONLY IF THE INSURED KNOWINGLY AND INTENTIONALLY MADE SUCH MISREPRESENTATION WITH THE INTENT TO DECEIVE AND DEFRAUD THE INSURER. A MERE MISSTATEMENT CONCERNING THE LOSS, IF MADE IN GOOD FAITH, EVEN THOUGH ERRONEOUS, IS NOT SUFFICIENT TO

VOID THE POLICY. IN THIS CONTEXT, A MISREPRESENTATION IS MATERIAL IF IT WOULD SIGNIFICANTLY AFFECT THE RIGHTS OR OBLIGATIONS OF THE INSURER. SCOTTSDALE NEED NOT PROVE THAT IT ACTUALLY RELIED ON THE MISREPRESENTATION IN HANDLING THE CLAIM. SCOTTSDALE BEARS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT MOTHARAM INC. OR ITS REPRESENTATIVE MADE A MATERIAL MISREPRESENTATION IN CONNECTION WITH ITS CLAIM AND THAT MOTHARAM INC. OR ITS REPRESENTATIVE INTENTIONALLY AND KNOWINGLY DID SO, WITH THE INTENT TO DECEIVE AND DEFRAUD SCOTTSDALE. IF YOU FIND THAT SCOTTSDALE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT MOTHARAM INC. MADE A MATERIAL MISREPRESENTATION IN CONNECTION WITH ITS CLAIM, THEN PLAINTIFF IS NOT ENTITLED TO RECOVER ANY DAMAGES UNDER THE POLICY.

## DAMAGES FOR BREACH OF CONTRACT

IF YOU FIND THAT MOTHARAM INC. IS ENTITLED TO RECOVER FOR BREACH OF CONTRACT, YOU MUST DETERMINE THE AMOUNT SCOTTSDALE OWES IT FOR ITS BREACH. THE MEASURE OF PAYMENT THAT IS OWED IN AN INSURANCE COVERAGE DISPUTE IS GOVERNED BY THE CONTRACT ITSELF. IF YOU FIND THAT AN ITEM OF THE PROPERTY DAMAGE CLAIMED BY MOTHARAM INC. IS COVERED BY THE INSURANCE CONTRACT, THEN YOU MUST DETERMINE WHAT AMOUNT THE INSURANCE CONTRACT REQUIRES SCOTTSDALE TO PAY FOR THAT ITEM.

THE MAXIMUM AMOUNT THAT MOTHARAM INC. CAN RECOVER FOR BREACH OF THE INSURANCE CONTRACT IS THE APPLICABLE LIMITS UNDER ITS POLICY LESS THE AMOUNT THAT IT HAS ALREADY RECEIVED FOR THOSE DAMAGES.

## DUTY TO MITIGATE DAMAGES

A PARTY THAT CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY TO USE REASONABLE DILIGENCE TO MITIGATE – THAT IS, TO AVOID OR MINIMIZE – THOSE DAMAGES.  IF YOU FIND THAT MOTHARAM INC. HAS SUFFERED DAMAGES, MOTHARAM INC. NEVERTHELESS MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH IT COULD HAVE AVOIDED OR REDUCED THROUGH REASONABLE EFFORTS.  INDEED, IF YOU FIND THAT THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN ITS DAMAGES, YOU MUST NOT COMPENSATE MOTHARAM INC. FOR SUCH DAMAGES THAT WOULD HAVE BEEN AVOIDED HAD IT TAKEN ADVANTAGE OF THE OPPORTUNITY.  HOWEVER, MOTHARAM INC. IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING ITS DAMAGES.  IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF A FAILURE TO MITIGATE, YOU MUST WEIGH ALL OF THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THIS CASE USING SOUND DISCRETION IN DECIDING WHETHER MOTHARAM INC.'S CONDUCT WAS REASONABLE.

## PENALTIES

IN ADDITION TO COVERAGE UNDER THE POLICY, MOTHARAM INC. SEEKS TO RECOVER PENALTIES FROM SCOTTSDALE FOR FAILURE TO TIMELY ADJUST AND PAY ITS CLAIM. MOTHARAM INC. SEEKS PENALTIES UNDER TWO PROVISIONS OF LOUISIANA LAW. ALTHOUGH THE LAW PROVIDES THAT THE PLAINTIFF CAN BE AWARDED PENALTIES UNDER ONE OF THE THESE TWO STATUTES ONLY, IT IS NECESSARY FOR YOU TO CONSIDER BOTH STATUTES IN ORDER FOR THE COURT TO DETERMINE WHICH ONE, IF ANY, WILL ULTIMATELY APPLY IN THIS CASE. I WILL NOW DISCUSS BOTH STATUTES WITH YOU, AND YOU WILL BE REQUIRED TO ANSWER QUESTIONS ABOUT EACH STATUTE.

## CLAIMS HANDLING - SECTION 22:658

UNDER LOUISIANA REVISED STATUTE SECTION 22:658 (NOW LA. REV. STAT. § 22:1892), AN INSURER MUST PAY A CLAIM AND/OR MAKE A WRITTEN OFFER TO SETTLE A CLAIM WITHIN THIRTY DAYS AFTER IT RECEIVES SATISFACTORY PROOF OF LOSS. IF THE INSURER FAILS TO PAY OR OFFER TO SETTLE THE CLAIM WITHIN THIRTY DAYS AFTER RECEIPT OF SATISFACTORY PROOF OF LOSS AND ITS FAILURE IS ARBITRARY, CAPRICIOUS OR WITHOUT PROBABLE CAUSE, THE INSURER IS LIABLE TO PAY A PENALTY, IN ADDITION TO THE AMOUNT DUE UNDER THE POLICY. TO DETERMINE IF A PENALTY IS DUE UNDER LOUISIANA REVISED STATUTE SECTION 22:658, YOU MUST DETERMINE WHETHER SCOTTSDALE RECEIVED

SATISFACTORY PROOF OF LOSS, WHETHER IT THEN FAILED TO PAY OR MAKE A WRITTEN OFFER TO SETTLE THE CLAIM WITHIN THE THIRTY DAY PERIOD AFTER RECEIPT OF SUCH PROOF, AND WHETHER SCOTTSDALE'S FAILURE WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE.

A PROOF OF LOSS IS SATISFACTORY IF IT INFORMS THE INSURER OF THE FACTS OF THE CLAIM. THE PROOF OF LOSS IS NOT REQUIRED TO BE IN ANY FORMAL STYLE. AS LONG AS THE INSURER RECEIVES SUFFICIENT INFORMATION TO ACT ON THE CLAIM, THE MANNER IN WHICH IT OBTAINS THE INFORMATION IS IMMATERIAL.

WHETHER SCOTTSDALE'S REFUSAL TO PAY MOTHARAM INC.'S CLAIM IS ARBITRARY, CAPRICIOUS OR WITHOUT PROBABLE CAUSE DEPENDS ON THE FACTS KNOWN TO THE INSURER AT THE TIME OF ITS ACTION. AN INSURER'S ACTION IS ARBITRARY OR CAPRICIOUS WHEN ITS WILLFUL REFUSAL OF A CLAIM IS NOT BASED ON A GOOD FAITH DEFENSE, OR IS UNREASONABLE OR WITHOUT PROBABLE CAUSE. AN INSURER'S REFUSAL TO PAY IS NOT ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE WHEN THE INSURER HAS A REASONABLE BASIS FOR DENYING THE CLAIM. THE QUESTION IS WHETHER THE INSURER ACTED REASONABLY IN FAILING TO TIMELY PAY THE CLAIM ONCE IT HAD ADEQUATE NOTICE.

IN THE EVENT THAT YOU FIND THAT THE PLAINTIFF IS ENTITLED TO A PENALTY UNDER § 22:658 YOU WILL BE ASKED TO DETERMINE ONLY THE AMOUNT THE DEFENDANT OWED THE PLAINTIFF AND FAILED TO PAY PLAINTIFF UNDER THE POLICY WITHIN THIRTY DAYS OF THE PLAINTIFF

SUBMITTING A SATISFACTORY PROOF OF LOSS. THE COURT WILL THEN CALCULATE THE SPECIFIC AMOUNT OF THE PENALTY BASED ON THE AMOUNT YOU DETERMINE TO BE DUE UNDER THE CONTRACT.

### CLAIMS HANDLING - SECTION 22:1220

PLAINTIFF ALSO CLAIMS PENALTIES AND DAMAGES UNDER LOUISIANA REVISED STATUTE SECTION 22:1220 (NOW LA. REV. STAT. § 22:1973). UNDER THAT STATUTE, AN INSURER OWES TO ITS INSURED A DUTY OF GOOD FAITH AND FAIR DEALING. THE INSURER HAS AN AFFIRMATIVE DUTY TO ADJUST CLAIMS FAIRLY AND PROMPTLY AND TO MAKE A REASONABLE EFFORT TO SETTLE CLAIMS WITH THE INSURED.

YOU MUST DETERMINE WHETHER SCOTTSDALE HAS BREACHED ITS DUTY TO MOTHARAM INC. IN THIS CASE, MOTHARAM INC. CLAIMS THAT SCOTTSDALE BREACHED THE DUTY OF GOOD FAITH AND FAIR DEALING BY FAILING TO PAY THE AMOUNT OF ITS CLAIM WITHIN SIXTY DAYS AFTER SCOTTSDALE RECEIVED SATISFACTORY PROOF OF LOSS AND THAT SUCH FAILURE WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE.

MOTHARAM INC. MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT SCOTTSDALE FAILED TO PAY THE AMOUNT OF ITS CLAIM WITHIN SIXTY DAYS AFTER IT RECEIVED SATISFACTORY PROOF OF LOSS AND THAT SUCH FAILURE WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE. YOU ARE TO DETERMINE WHETHER SCOTTSDALE RECEIVED SATISFACTORY PROOF OF LOSS, WHETHER IT THEN FAILED TO PAY

MOTHARAM INC. WITHIN THE SIXTY DAY PERIOD AFTER IT RECEIVED SUCH PROOF, AND WHETHER SCOTTSDALE'S FAILURE TO PAY WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE.

AS I INSTRUCTED YOU EARLIER, A PROOF OF LOSS IS SATISFACTORY IF IT INFORMS THE INSURER OF THE FACTS OF THE CLAIM. THE PROOF OF LOSS IS NOT REQUIRED TO BE IN ANY FORMAL STYLE. AS LONG AS THE INSURER RECEIVES SUFFICIENT INFORMATION TO ACT ON THE CLAIM, THE MANNER IN WHICH IT OBTAINS THE INFORMATION IS IMMATERIAL.

AS I INSTRUCTED YOU EARLIER, WHETHER SCOTTSDALE'S REFUSAL TO PAY MOTHARAM INC.'S CLAIM IS ARBITRARY, CAPRICIOUS OR WITHOUT PROBABLE CAUSE DEPENDS ON THE FACTS KNOWN TO THE INSURER AT THE TIME OF ITS ACTION. AN INSURER'S ACTION IS ARBITRARY OR CAPRICIOUS WHEN ITS WILLFUL REFUSAL OF A CLAIM IS NOT BASED ON A GOOD FAITH DEFENSE, OR IS UNREASONABLE OR WITHOUT PROBABLE CAUSE. AN INSURER'S REFUSAL TO PAY IS NOT ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE WHEN THE INSURER HAS A REASONABLE BASIS FOR DENYING THE CLAIM. THE QUESTION IS WHETHER THE INSURER ACTED REASONABLY IN FAILING TO TIMELY PAY THE CLAIM ONCE IT HAD ADEQUATE NOTICE.

IF YOU FIND THAT SCOTTSDALE FAILED TO PAY THE AMOUNT OF PLAINTIFF'S CLAIM WITHIN SIXTY DAYS AFTER IT RECEIVED SATISFACTORY PROOF OF LOSS AND THAT ITS FAILURE WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE, THEN MOTHARAM INC. IS

ENTITLED TO ANY DAMAGES SUSTAINED AS A RESULT OF SCOTTSDALE'S FAILURE TO PAY. IN ASSESSING ANY DAMAGES FOR SCOTTSDALE'S FAILURE TO PAY, MOTHARAM INC. IS ENTITLED TO GENERAL DAMAGES SUSTAINED AS A RESULT OF SCOTTSDALE'S FAILURE TO PAY BUT YOU MAY NOT AWARD DAMAGES FOR THE LOSSES COVERED UNDER THE POLICY. MOTHARAM INC. MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT IT SUFFERED DAMAGES FROM SCOTTSDALE'S ARBITRARY OR CAPRICIOUS FAILURE TO PAY ITS CLAIM WITHIN SIXTY DAYS OF RECEIPT OF SATISFACTORY PROOF OF LOSS. IN DETERMINING WHETHER AND FOR HOW MUCH TO COMPENSATE MOTHARAM INC. FOR ITS GENERAL DAMAGES, THE AMOUNT YOU DETERMINE MAY NOT BE USED AS PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANT. YOU SHOULD NOT AWARD RECOVERY FOR SPECULATIVE DAMAGES, BUT ONLY FOR THOSE DAMAGES THAT MOTHARAM INC. HAS ACTUALLY SUSTAINED.

IF YOU FIND THAT SCOTTSDALE FAILED TO PAY THE AMOUNT OF PLAINTIFF'S CLAIM WITHIN SIXTY DAYS AFTER RECEIPT OF SATISFACTORY PROOF OF LOSS AND THAT SUCH FAILURE WAS ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE, THEN IN ADDITION TO THESE DAMAGES, YOU MAY AWARD MOTHARAM INC. A PENALTY OF UP TO TWO TIMES THE DAMAGES AWARDED AS A RESULT OF THAT CONDUCT OR FIVE THOUSAND DOLLARS, WHICHEVER IS GREATER. IF YOU FIND THAT SCOTTSDALE FAILED TO PAY THE AMOUNT OF PLAINTIFF'S CLAIM WITHIN SIXTY DAYS AFTER IT RECEIVED SATISFACTORY PROOF OF LOSS AND THAT ITS FAILURE WAS

ARBITRARY, CAPRICIOUS, OR WITHOUT PROBABLE CAUSE, BUT THAT MOTHARAM INC. DID NOT SUFFER ANY DAMAGES AS A RESULT OF THAT CONDUCT, THEN YOU MAY AWARD MOTHARAM INC. FIVE THOUSAND DOLLARS AS A PENALTY UNDER LOUISIANA REVISED STATUTE SECTION 22:1220.

### GENERAL INSTRUCTIONS REGARDING DAMAGES

I CHARGE YOU THAT AN ATTORNEY'S ARGUMENTS CONCERNING HIS OR HER ESTIMATE OF DOLLAR AMOUNTS TO BE AWARDED FOR DAMAGES ARE NOT EVIDENCE IN THE CASE. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION, AND IT MUST BE BASED ON COMPETENT EVIDENCE.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS ANY INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE OR RECOVER DAMAGES. IT IS YOUR TASK FIRST TO DETERMINE WHETHER SCOTTSDALE IS LIABLE TO MOTHARAM INC. I AM INSTRUCTING YOU ON DAMAGES SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT THAT YOU DECIDE THAT SCOTTSDALE IS LIABLE TO MOTHARAM INC. AND MOTHARAM INC. HAS SUFFERED DAMAGES BY REASON OF SCOTTSDALE'S CONDUCT.

### DELIBERATIONS

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT YOU MAY TAKE THESE CHARGES AND THE TRIAL EXHIBITS WITH

YOU.  YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  YOUR VERDICT MUST BE UNANIMOUS.  IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TOWARD REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR INDEPENDENT JUDGMENT.  YOU MUST DECIDE THIS CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION, IF YOU BECOME CONVINCED YOU ARE WRONG.  BUT DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR JUST TO FINISH THE CASE.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES--JUDGES OF THE FACTS.  YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM, SELECT ONE OF YOUR MEMBERS AS A FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.  A FORM OF SPECIAL VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.  YOU WILL TAKE THIS WITH YOU INTO THE JURY ROOM.

(THE SPECIAL VERDICT FORM IS READ TO THE JURY)

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL QUESTIONS.  THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY.

IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS THAT INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO PROCEED TO SOME OTHER QUESTION OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT.  YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

WHEN YOU FINISH DELIBERATING, THE FOREPERSON SHOULD SIGN AND DATE THE SPECIAL VERDICT FORM.

IF YOU WANT TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY THE MARSHAL.  YOU SHOULD NOT ATTEMPT TO COMMUNICATE WITH ME BY ANY MEANS OTHER THAN IN WRITING, AND I WILL NOT COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY IN OPEN COURT.  I WILL ALWAYS DISCLOSE YOUR QUESTION AND MY RESPONSE TO THE ATTORNEYS BEFORE I ANSWER ANY OF YOUR QUESTIONS.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON--NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL YOU HAVE REACHED A UNANIMOUS VERDICT.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.