UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOTHARAM, INC.                                    CIVIL ACTION

VERSUS                                            NO: 07-4499

SCOTTSDALE INSURANCE CO.                          SECTION: R(3)

**ORDER**

From June 22nd to the 24th, the Court conducted a jury trial in this Hurricane Katrina insurance dispute. Plaintiff, Motharam, Inc. ("Motharam"), argued that Scottsdale Insurance Company ("Scottsdale") owed it additional money for wind and wind-driven rain damage to its property located at 637 Canal Street in New Orleans. Motharam also argued that Scottsdale adjusted its insurance claim in bad-faith in violation of Louisiana Revised Statutes §§ 22:658 and 22:1220.[1] The Jury disagreed, returning a verdict that Scottsdale did not owe additional sums under the policy. Motharam now moves for

---

[1] These statutes are now found at La. Rev. Stat. §§ 22:1973 and 22:1892.

judgment as a matter of law under Rule 50(b), or, in the alternative, for a new trial under Rule 59(a). Motharam also seeks relief from judgment under Rule 60. Because Motharam did not move for judgment as a matter of law at the close of evidence, it waived its right to recover under Rule 50. *See Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996). The Court therefore restricts its inquiry to Rules 59 and 60.[2]

Motharam asserts four grounds for relief: (1) "the degree of deviation of the verdict from the facts and law appears to suggest a biased jury"; (2) "the sitting jury was unable to adequately comprehend the facts and law to the instant litigation"; (3) "Scottsdale failed to disclose critical evidence pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure"; and (4) "Scott Cunningham, Representative of Scottsdale, intentionally misrepresented facts to the jury." None of Motharam's arguments has merit.

**I.   Legal Standards**

A. *Rule 59(a)*

---

[2] The Fifth Circuit has suggested that requests for relief under Rules 59 and 60(b) are mutually exclusive. *See Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 770 n.6 (5th Cir. 1995). Because this issue does not appear to have been decided, however, the Court reviews Motharam's request for relief under both Rules.

Federal Rule of Civil Procedure 59(a) states that a district court may grant a new trial "on all or part of the issues . . . in an action which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a); *see also Scordill v. Louisville Ladder Group, L.L.C.*, 2004 WL 1118302, *1 (E.D. La. 2004). The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. *See Pryor v. Trane Company*, 138 F.3d 1024, 1026 (5th Cir. 1998). Although Rule 59(a) does not enumerate grounds for a new trial, a district court may grant a new trial if the court finds that the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed in its course. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). Additionally, a new trial must be granted when the Court is unable logically to reconcile an inconsistent jury verdict. *See Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) ("If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial . . . only if there is no way to reconcile them."). And, when a motion for a new trial is based on evidentiary grounds, the court should not grant a new trial, unless "the verdict is

against the great weight of the evidence." *Pryor*, 138 F.3d at 1026.

The Fifth Circuit has held that the sufficiency or insufficiency of evidence is governed by the federal standard that when all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary conclusion. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986-87 (5th Cir. 1989) (internal citations omitted). The Seventh Amendment requires that "facts once found by a jury in the context of a civil trial are not to be reweighed and a new trial granted lightly." *Pagan v. Shoney's Inc.*, 931 F.2d 334, 338 (5th Cir. 1991)(*citing Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir. 1976)).

B.   *Rule 60*

Under Rule 60(b), a court can grant a party relief from judgment in limited circumstances, such as upon a showing of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or any other reason justifying relief from the operation of the order. Fed. R. Civ. P. 60(b). Rule 60(b) is

4

not a substitute for appeal, and the court should weigh the importance of finality of judgments in determining whether relief under Rule 60(b) is warranted. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

**II. Analysis**

A.  *Sufficiency of the Evidence and Alleged Jury Bias*

Motharam charges that there is "no legally sufficient evidentiary basis for a reasonable jury to find that Motharam did not sustain wind and wind-driven rain damage to its property in excess of the amount that it was paid under the policy with Scottsdale for such damage." Motharam claims that "the degree of deviation of the verdict from the facts and law appears to suggest a biased jury." Motharam argues that the jury was biased against it because the corporation's owners are Jewish and of Iranian descent. A claim of racial, religious, or national origin bias is properly raised in a Rule 60(b) Motion. *See Espaillat v. Continental Express, Inc.*, 33 F. App'x. 567, 569 (2d Cir. 2002). Motharam has presented no evidence, however, of any juror bias other than an unfavorable verdict. The Court has reviewed the record and determined that the verdict is supported by the evidence. Without more, the Court cannot grant a new trial.

Scottsdale paid Motharam approximately $30,000.00 for wind

damage, and put on evidence discrediting Motharam's main argument at trial.  Motharam argued that a large billboard attached to the building acted as a sail in the wind of Hurricane Katrina and pulled the front facade of the building loose.  Scottsdale's engineering expert rejected this theory outright.  In addition, a meteorology expert testified that Hurricane Katrina's winds blew at an angle perpendicular to the billboard.  This testimony tended to show that hurricane wind did not blow directly into the billboard with enough force to pull the facade loose.  The jury was free to agree with Scottsdale's assessment of Motharam's theory, and credit Scottsdale's evidence that the facade cracks Motharam sought compensation for were pre-existing and therefore not covered by the policy.

   Scottsdale also put on evidence calling into question Motharam's claim that it was under-compensated for water damage caused by the Hurricane's rain.  Scottsdale demonstrated that it previously compensated plaintiff for water damage resulting from firefighters' attempt to put out a post-Katrina fire at the adjacent building.  The firefighters had to hose down Motharam's building for some time to keep the fire from spreading.  Scottsdale argued that the water damage Motharam claimed resulted from the Hurricane was actually attributable to water damage encompassed in the fire claim, for which Scottsdale paid Motharam

in excess of $160,000.00. After Scottsdale presented evidence discrediting two of Motharam's main arguments, the jury could have found that Motharam failed to demonstrate damages in excess of the amount already paid by Scottsdale. The Court does not, therefore, find that "the verdict is against the great weight of the evidence." *Pryor*, 138 F.3d at 1026.

B.   *Factual Complexity*

"Motharam contends that this case involved some technical aspects of structural engineering and the effects of windforce on buildings that the sitting jurors could not grasp." In support of this statement, Motharam cites the jury's request for a "detailed list of the payout associated with Motharam's fire claim" during deliberations. Motharam cites no case holding that the factual complexity of a plaintiff's case is grounds for invalidating the results of a jury trial it requested. Nor did Motharam seek to disqualify as incompetent any juror during *voir dire*. If the complexity of Motharam's evidence made a jury trial inadvisable, a bench trial was also available to it.

Moreover, the Court does not understand the jury's request for a list of fire insurance payouts to indicate confusion over "technical aspects of structural engineering and the effects of windforce on buildings." The more likely inference is that the request related to Scottsdale's argument that Motharam was trying

to recover again for previously compensated fire damage. The jury's verdict is supported by the evidence, as indicated above, and the jury's request does not demonstrate any confusion warranting a new trial. This argument is therefore rejected.

C.   *Alleged Failure to Disclose DM&A Estimate*

Motharam next argues that Scottsdale failed to turn over a Hurricane-damage estimate for 637 Canal Street completed by David Morse & Associates (the "DM&A Estimate") in its initial disclosures. This allegation implicates Rule 60(b)(3), which allows the Court to relieve a party from final judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail on a Rule 60(b)(3) motion, a party "must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Gov't Fin. Servs.*, 62 F.3d at 772 (internal citations omitted).

Counsel for Scottsdale has submitted a sworn affidavit stating that he provided Motharam with "Scottsdale Claim File # 998171" in connection with Scottsdale's initial disclosures. (R. Doc. 81-4.) Counsel further states that this "'Claim File,' which was provided to opposing counsel, was the printout of a

8

computer disc which had been received from Scottsdale." (*Id.*) Counsel avers that he "recently reviewed that disc, and it contains the David Morse & Associates estimate dated January 11, 2006." (*Id.*) Motharam, by contrast, provides no sworn statement that it did not receive the estimate. Though Motharam alleges in its brief that it did not receive the document, and its counsel represented as much in open Court, Motharam has not demonstrated by clear and convincing evidence that any misconduct occurred.

Even if Motharam did not receive the DM&A Estimate prior to trial, this did not "foreclose[] the possibility that [Motharam] could 'fully and fairly present [its] case.'" *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995); *see also Gov't Fin. Servs.*, 62 F.3d at 773 (requiring clear and convincing evidence that misconduct prevented movant from fully and fairly presenting case). Motharam was able to introduce at trial evidence as to its alleged damages as well as Scottsdale's alleged bad faith handling of Motharam's claim. Motharam was also able to cross-examine Scott Cunningham, Scottsdale's representative, as to his handling of Motharam's claim and the reports on which he relied. Although Motharam asserts that the DM&A Estimate would have been relevant to these allegations and on cross-examination, Motharam does not claim that the estimate would have substantially changed the way it "approached the case or prepared for trial." *Hesling*

9

*v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005); *see also Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 588 (E.D. La. 2008) ("Following the Fifth Circuit's determination in *Hesling*, a Rule 60(b)(3) determination must focus on the withheld information's impact at the beginning of a lawsuit."); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (discovery misconduct "must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.").

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."  *Hesling*, 396 F.3d at 638.  In light of all the facts, the Court finds that justice has been done, and that Motharam was able to fully and fairly present its case at trial even without the DM&A Estimate.

D.   *Scott Cunnigham's Alleged Misrepresentation*

Motharam's final argument is that Cunningham misrepresented in his testimony at trial that he did not receive the DM&A Estimate until after he paid Motharam's claim based on the estimate from another adjuster, Dan Daniels.[3]  This allegation

---

[3] To the extent Motharam seeks a new trial based on "newly discovered evidence," *see* Fed. R. Civ. P. 60(b)(2), the Court rejects this argument.  The DM&A Estimate is not "controlling" of any material issue in this case, and would not "clearly . . .

also implicates the clear and convincing evidence standard of Rule 60(b)(3). *See Diaz*, 46 F.3d at 496-97. Motharam emphasizes that the DM&A Estimate is dated January 11, 2006, (*see* R. Doc. 81-3 at 1), some five months before Cunningham received the Daniels estimate in May 2006 and six months before Scottsdale paid Motharam's wind-claim in July of that year.

Cunningham has submitted an affidavit stating that he did not receive the DM&A Estimate until July 24, 2006, several days after Scottsdale paid Motharam's wind claim. (*See* R. Doc. 81-10.) According to Cunningham, the January 2006 date on the front page of the report is inaccurate. He avers that the correct date

---

have produced a different result if presented before the original judgment." *Gov't Fin. Servs.*, 62 F.3d at 771. There is no guarantee that a subsequent jury would credit Motharam's interpretation of the DM&A Estimate. Instead, the DM&A estimate would be "merely cumulative or impeaching" of existing evidence. *Diaz*, 46 F.3d at 495. As already discussed, Motharam was able to present substantial other evidence as to damages and its claim of bad faith, and it was able to vigorously cross-examine Cunningham. Furthermore, the Court also finds that Motharam has failed to demonstrate that it could not have obtained the DM&A Estimate by exercising due diligence. *See Gov't Fin. Servs.*, 62 F.3d at 773; *see also Diaz*, 46 F.3d at 496. It is likely that a "more focused" discovery effort by Motharam could have uncovered the DM&A Estimate prior to trial. *Diaz*, 46 F.3d at 497. Motharam apparently conducted little or no discovery in this case beyond the initial disclosures, (*see* R. Doc. 81-4), and as the court has already held, Motharam has not even demonstrated by clear and convincing evidence that it did not possess the DM&A Estimate prior to trial. For each of these reasons, relief under Rule 60(b)(2)--or Rule 60(b)(6), *see Hesling*, 396 F.3d at 643--is not warranted.

was automatically stamped on the report by computer, beginning on page four.  Scottsdale has attached a copy of the report, and "7/19/06" is stamped on the fourth and subsequent pages.  (*See* R. Doc. 81-3 at 4 *et seq.*)  Cunningham's affidavit is consistent with his claims report, which states "Reviewed I[ndependent] A[djuster]'s report on this post Katrina Fire" in the entry dated July 24, 2006.  (R. Doc. 81-11 at 1.)

Relief under Rule 60(b)(3) is appropriate only where "unequivocal evidence establishes that a party willfully perjured himself."  *Diaz*, 46 F.3d at 497.  The materials submitted by Scottsdale suggest that Cunningham testified accurately when he stated that he did not receive the DM&A Estimate until after he received the Daniels estimate and paid Motharam's wind claim.  In any event, Motharam does not provide any evidence that contradicts Cunningham's account.  At most, Motharam raises a textual ambiguity about when the DM&A Estimate was produced.  *Id.*  This "factual dispute" in no way "conclusively establish[es]" that Cunningham perjured himself.  *Id.*  The Court therefore finds that Motharam has not met its burden to demonstrate by clear and convincing evidence that Cunningham made an intentional misrepresentation at trial and

denies Motharam's motion for relief under Rule 60(b)(3).[4]

### III. Conclusion

Motharam's motion is DENIED for the reasons stated.

New Orleans, Louisiana, this 27th day of August, 2009.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[4] For the reasons already stated, even if the Court accepted Motharam's allegations of perjury, Cunningham's statements still did not "foreclose[] the possibility that [Motharam] could 'fully and fairly present [its] case.'" *Diaz*, 46 F.3d at 497.