```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

MOTHARAM, INC.                                CIVIL ACTION

VERSUS                                        NO: 07-4499

SCOTTSDALE INSURANCE CO.                      SECTION: R(3)

**ORDER**

Before the Court is Motharam, Inc.'s Motion to Reconsider Order Denying Plaintiff's Motion for Judgment as a Matter of Law or, Alternatively, New Trial.  (R. Doc. 98.)  For the following reasons, Motharam's motion is DENIED.

**I.   BACKGROUND**

From June 22nd to the 24th, the Court conducted a jury trial in this Hurricane Katrina insurance dispute.  Plaintiff, Motharam, Inc., argued that Scottsdale Insurance Company owed it additional money for wind and wind-driven rain damage to its property located at 637 Canal Street in New Orleans.  Motharam also argued that Scottsdale adjusted its insurance claim in bad-faith in violation of Louisiana Revised Statutes §§ 22:658 and 22:1220.[1]  The Jury disagreed, returning a verdict that Scottsdale did not owe additional sums under the policy.  On June 29, 2009, Motharam moved for judgment as a matter of law under

---

[1] These statutes are now found at La. Rev. Stat. §§ 22:1973 and 22:1892.

Rule 50(b), or, in the alternative, for a new trial under Rule 59(a); Motharam also sought relief from judgment under Rule 60. (*See* R. Doc. 78.)  As grounds for its motion, Motharam asserted, *inter alia*, that "Scottsdale failed to disclose critical evidence pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure." (*Id.* at 3.)  This motion was denied by order dated August 27, 2009.  (*See* R. Doc. 97.)

In its August 27 order, the Court held, *inter alia*, that Motharam had not demonstrated by clear and convincing evidence that Scottsdale improperly failed to disclose a Hurricane-damage estimate for 637 Canal Street completed by David Morse & Associates (the "DM&A estimate") in its initial disclosures. (*Id.* at 9.)  In reaching its conclusion, the Court observed that "Counsel for Scottsdale has submitted a sworn affidavit stating that he provided Motharam with 'Scottsdale Claim File # 998171' in connection with Scottsdale's initial disclosures." (*Id.* at 8.)  The affidavit stated that the Claim File was the printout of a computer disc, and that the computer disc contained the disputed DM&A estimate.  (*Id.* at 8-9.)  The Court also observed that "Motharam, by contrast, provides no sworn statement that it did not receive the estimate." (*Id.* at 9.)  The Court further held that even if Motharam did not receive the disputed DM&A estimate prior to trial, this did not "foreclose[] the possibility that [Motharam] could 'fully and fairly present [its]

2

case.'" (*Id.* at 9.)

Motharam now moves for reconsideration of the Court's August 27 order as it relates to Scottsdale's alleged failure to disclose the DM&A estimate. (*See* R. Doc. 98.) As grounds for its motion, Motharam asserts that it did in fact submit an affidavit of attorney Henna Ghafoor stating that the disputed DM&A estimate was not included in Scottsdale's initial disclosures. (*See* R. Doc. 87-1.) Motharam points out that this attorney affidavit was submitted along with its initial reply memorandum in support of its motion for judgement as a matter of law or, in the alternative, new trial dated July 16, 2009. Motharam recognizes, however, that this initial reply memorandum was deemed deficient for failure to seek leave to file (*see* R. Doc. 87), and that the affidavit was not re-submitted with its subsequent motion for leave to file a reply memorandum on July 20, 2009 (*see* R. Doc. 90) or its re-filed reply memorandum on July 28, 2009 (*see* R. Doc. 95). Thus, Motharam asks the court to revisit its August 27 order in light of the affidavit submitted with its initial, deficient reply memorandum. (*See* R. Doc. 98 at 3.)

## II. LEGAL STANDARD

Because Motharam's motion for reconsideration was filed within ten days of the August 27 order, the Court reviews it under Federal Rule of Civil Procedure 59(e). *See Edward H.*

*Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); 11 Wright, Miller & Kane, Fed. Prac. & Proc.: Civil § 2810.1 (2d ed. 1995). A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co.*, 6 F.3d at 353. In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). Reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* To succeed on a Rule 59(e) motion, therefore, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

**III. DISCUSSION**

Motharam asserts that in issuing its August 27 order, the

Court did not consider the affidavit of Henna Ghafoor. Motheram asks the Court to reconsider its August 27 order in light of this affidavit. The Court finds that even the Ghafoor affidavit were properly included in the record, it would not change the result of the August 27 order.[2]

Counsel for Scottsdale has submitted a sworn affidavit stating that he provided Motharam with "Scottsdale Claim File # 998171" in connection with Scottsdale's initial disclosures. (R. Doc. 81-4.) Counsel further states that this "'Claim File,' which was provided to opposing counsel, was the printout of a computer disc which had been received from Scottsdale." (*Id.*) Counsel avers that he "recently reviewed that disc, and it contains the David Morse & Associates estimate dated January 11, 2006." (*Id.*)

The Gafoor affidavit, by contrast, states that "the DM&A estimate dated January 11, 2006 was **not** included in the documents produced." (R. Doc. 87-1 ¶ 2.) The parties have thus submitted contradictory affidavits as to whether the DM&A estimate was part of Scottsdale's initial disclosures. The Court finds that it has no basis to credit one affidavit over the other. The affidavits are in equipoise, and therefore Motharam has failed to demonstrate by clear and convincing evidence that any discovery

---

[2] The notice of deficient document issued on July 17, 2009 clearly states that the deficient document "must be refiled in its entirety."

misconduct occurred.  The Court accordingly reaffirms its August 27 order on this ground and denies Motharam's motion for judgment as a matter of law or new trial.  (*See* R. Doc. 97 at 9.)

Even if the Court were to credit Motharam's assertion that it did not receive the DM&A estimate prior to trial, the Court still holds that this did not "foreclose[] the possibility that [Motharam] could 'fully and fairly present [its] case.'"  (R. Doc. 97 at 9-10 (citing *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995)*; Gov't Fin. Servs.*, 62 F.3d at 773).)  Motharam was able to introduce at trial evidence as to its alleged damages as well as Scottsdale's alleged bad faith handling of Motharam's claim.  Motharam was also able to cross-examine Scott Cunningham, Scottsdale's representative, as to his handling of Motharam's claim and the reports on which he relied.  Although Motharam asserts that the DM&A Estimate would have been relevant to these allegations and on cross-examination, the Ghafoor affidavit does not assert that the estimate would have substantially changed the way Motharam "approached the case or prepared for trial." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005); *see also Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 588 (E.D. La. 2008) ("Following the Fifth Circuit's determination in *Hesling*, a Rule 60(b)(3) determination must focus on the withheld information's impact at the beginning of a lawsuit.");

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (discovery misconduct "must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.").

In balancing the need for finality with "the need to render just decisions on the basis of all the facts" (including the Ghafoor affidavit), the Court finds that justice has been done, and that Motharam was able to fully and fairly present its case at trial even without the DM&A Estimate. *See Edward H. Bohlin Co.*, 6 F.3d at 355. The Court therefore reaffirms its August 27 order in its entirety and holds that Motharam is not entitled to judgment as a matter of law or new trial.

**IV.  CONCLUSION**

Motharam's motion is DENIED for the reasons stated.

New Orleans, Louisiana, this 24th day of September, 2009.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

7